**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| **KEVIN EUGENE HODNETT,** | ) | CASE NO. 12-71825 |
| | ) | |
| DEBTOR. | ) | |

## MEMORANDUM DECISION

The matters dealt with here are two lien avoidance motions contained in the Debtor's Plan filed on November 1, 2012. These judgment liens[1] had attached pre-petition against certain residential property owned by the Debtor which is subject to a mortgage loan which encumbers nearly but not quite all of the indicated value of the property. That property value is listed in Schedules A and D at $97,500 and the petition-date balance of the mortgage loan is scheduled at $96,527, leaving a presumed equity of $973. The mortgagee, Chase Manhattan Mortgage, has not filed a proof of claim. In Schedule C the Debtor noted a homestead exemption claim in the amount of $973. Neither judgment creditor has responded to the lien avoidance motions set forth in the Plan. The precise issue addressed in this Memorandum Decision is whether the Debtor must file a homestead deed under applicable Virginia law[2] to perfect a claim to such exemption in the property's equity in order to obtain the

---

[1] The first judgment lien is held by Roanoke Memorial Hospital and is listed on Schedule D with a claim of $307 and a date of January 1996. The second judgment lien is held by Carilion Medical Center/DBA Carilion Roanoke Memorial and is listed on Schedule D with a claim of $893 and a date of June 2012. Neither creditor has filed a proof of claim in the case.

[2]
> Every householder shall be entitled, in addition to the property or estate exempt under §§ 23-38.81, 34-26, 34-27, 34-29, and 64.2-311, to hold exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000

relief sought of avoidance of the judgment liens which have attached to that equity. Because the Court concludes that controlling authority from the United States Court of Appeals for the Fourth Circuit provides that no such homestead deed need be filed in this situation, which represents a change in the practice heretofore followed by this judge, I have decided that it is appropriate to note this change and my reasons for it in a written decision for the benefit of the practicing bar of this Court.

The Fourth Circuit authority referenced in the preceding sentence is its decision in the case of *Botkin v. DuPont Community Credit Union*, 650 F.3d 396 (4th Cir. 2011). On the actual facts of that case, specifically real property subject to a non-avoidable lien in an amount exceeding the property's value, this Court's prior practice has been consistent with *Botkin's* holding that, under the definition contained in 11 U.S.C. § 522(f)(2), there is no obligation upon the bankruptcy debtor even to claim any exemption in the subject property as a condition to

---

> in value or, if the householder is 65 years of age or older, not exceeding $10,000 in value. In addition, upon a showing that a householder supports dependents, the householder shall be entitled to hold exempt from creditor process real and personal property, or either, selected by the householder, including money or monetary obligations or liabilities due the householder, not exceeding $500 in value for each dependent.

Va. Code Ann. § 34-4.

> In order to secure the benefit of the exemptions of real estate under §§ 34-4 and 34-4.1, the householder, by a writing signed by him and duly admitted to record, to be recorded as deeds are recorded, in the county or city wherein such real estate or any part thereof is located . . . shall declare his intention to claim such benefit and select and set apart the real estate to be held by the householder as exempt, and describe the same with reasonable certainty, affixing to the description his cash valuation of the estate so selected and set apart.

Va. Code Ann. § 34-6.

avoiding a judgment lien impairing the exemption.[3] In short, when there is no equity in the property in excess of non-avoidable liens, by simple application of the formula set forth in that statutory definition the debtor's right to exemption is impaired as a matter of law.[4] After careful consideration of the language of the *Botkin* decision, however, this Court concludes that its holding, that no actual claim to a homestead exemption in the manner required by applicable state law need be made in order to avoid judgment liens pursuant to § 522(f),[5] is not limited to

---

[3] *See Collier v. Jay Johnson Toyota (In re Collier)*, Adv. Proc. No. 7-00-00266, Case No. 7-00-02882 (Bankr. W.D. Va. Nov. 7, 2001) (judgment lien avoided although no homestead exemption claimed when mortgage debt exceeded value of property) ("[T]he Court believes that Congress did not intend that a judgment creditor should be permitted to sustain a judgment lien against non-existent current equity in property when the debtor mounts a challenge to such lien even when the debtor has not claimed an exemption in some theoretical equity in the property." slip op. at 3).

[4] Although that has been the rule observed by this judge despite the legal uncertainty surrounding this question, the Court notes that the most careful practitioners have long followed the practice of claiming a homestead exemption in the amount of $1 against a client's residence property even when that property is seemingly encumbered by non-avoidable liens exceeding its value for at least two reasons: (1) to avoid the risk of having to litigate the very issue decided conclusively on appeal by *Botkin*, and (2) one cannot know in advance precisely what value a court may decide a particular property has and, within the applicable available homestead exemption limit, a claim of a nominal amount as exempt may later be increased to a higher amount. *See Addison v. Reavis,* 158 B.R. 53, 58 (E.D. Va. 1993), aff'd, 32 F.3d 562 (4th Cir. Va. 1994). Furthermore, it is not unheard of for debtors to learn after filing bankruptcy that there is some legal problem with their mortgage loan documentation which renders the mortgage invalid in bankruptcy.

[5] 11 U.S.C. § 522(f) sets forth, in relevant part:
> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>    (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) . . .
> (2) (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>    (i) the lien;

3

the precise facts before the Court in that case and extends to the situation presented here where the value of the exposed equity is less than the homestead exemption which the Virginia bankruptcy debtor *could* claim in the subject property.

The Court believes that it is appropriate to set forth briefly the rationale for its prior practice requiring the claiming of the homestead exemption in Schedule C and its perfection by filing an actual homestead deed pursuant to Virginia law in situations where the amount of non-avoidable liens against a property is less than the property's value.[6] That rationale has two principal aspects. The first of these concerns the language of the Supreme Court's decision in *Owen v. Owen*, 500 U.S. 305 (1991), a decision cited and analyzed in *Botkin,*[7] as follows:

> The . . . phrase [an exemption to which the debtor would have been entitled] denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. "Would have been" *but for what*? The answer given, with respect to the federal exemptions, has been *but for the lien at issue*, and that seems to us correct.

500 U.S. at 311. The situation dealt with in *Owen* was a judgment lien which attached before

---

      (ii) all other liens on the property; and
      (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.

[6] *See Jay Johnson Toyota* ("Certainly where there is equity in the property above the value of non-avoidable liens, the failure to claim a homestead exemption would appear to be fatal to any avoidance motion brought pursuant to Bankruptcy Rule 4003(d)." slip op. at 2); *Hylton v. Signet Bank of Virginia (In re Hylton)*, Adv. Proc. No. 7-00-00248, Case No. 7-90-02436 (Bankr. W.D. Va. March 12, 2001) (lien avoidance denied on several grounds, including failure to claim homestead exemption in property equity in excess of mortgage debt).

[7] 650 F.3d at 400.

4

Florida's amendment of its homestead exemption statute which brought condominiums within the protection of that statute, but in which under Florida law the debtor could not claim an exemption having priority over the existing judgment lien. The Supreme Court ruled that, but for the existence of the judgment lien, the debtor could have claimed an exemption in the property. Therefore, under the wording of § 522(f), the lien impaired an exemption which could have been claimed and accordingly it could be avoided in bankruptcy. In contrast, there is nothing under either Virginia law or bankruptcy law which would preclude a debtor from claiming a homestead exemption under the Virginia statute against judgment liens[8] for non-purchase money debts so long as the amount of exemption claimed is within the applicable limit provided by Virginia law[9] and the judgment debtor perfects that claim in the manner prescribed by that law.[10] In other words, a debtor is entitled to the exemption, regardless of "the lien itself," so long as he (or she) makes and properly files a homestead deed in the subject property within the exemption limit available to the debtor under Virginia law. *Owen* dealt with the question of whether a particular judgment lien could be avoided under the authority of § 522(f), not the procedural steps, if any, necessary in order to effect that avoidance. As the *Botkin* opinion expressly notes, "[a]lthough the debtor in *Owen* actually did claim the property at issue as exempt, . . . the Court had no reason to consider the propriety of that procedure." 650 F.3d at

---

[8] Under Virginia law a valid claim of homestead exemption in property has priority over prior judgment liens. *See Oppenheim, Satterwhite & Co. v. Myers*, 99 Va. 582, 39 S.E. 218 (1901); *Blose v. Bear*, 87 Va. 177, 12 S.E. 294 (1890); *Scott v. Cheatham*, 78 Va. 82 (1883); and *Lindsay v. Murphy*, 76 Va. 428 (1882). The claim to the exemption "may be set apart at any time before [the property] is subjected by sale under creditor process . . . ." Va. Code Ann. § 34-17.

[9] Va. Code Ann. § 34-4.

[10] Va. Code Ann. § 34-6.

5

400 n.3.

The second of these aspects concerns the relationship of federal bankruptcy law and Virginia exemption law governing what exemptions can be claimed by Virginia debtors. While the Bankruptcy Code provides a scheme of federal exemptions, it also allows states to "opt out" of such scheme and specify that its own exemptions will be applicable in bankruptcy cases involving its citizens.[11] Virginia has done exactly that.[12] Although Virginia has a number of exemptions of specific types of property which debtors may claim, with certain exceptions, as exempt form creditor process, it has a very limited general exemption, called the homestead exemption,[13] which "householders" may use to claim an exemption in the value of real estate.[14] Subject to certain more generous limits for veterans, debtors with dependents, and debtors over the age of 64,[15] the current general limit is $5,000. The applicable limit is a lifetime limit and once utilized against specific property cannot later be used to protect other property.[16] For a claim to a Virginia homestead exemption to be effective with respect to Chapter 7 bankruptcy

---

[11] 11 U.S.C. § 522(b)(2).

[12] Va. Code Ann. § 34-3.1.

[13] Va. Code Ann. § 34-4.

[14] To the extent not used up against real property, the balance of the exemption may be used to protect otherwise non-exempt personal property. Va. Code Ann. § 34-13.

[15] Va. Code Ann. §§ 34-4, 34-4.1.

[16]

> When the maximum amount of property, whether real or personal, or both, has been once set apart to be held by a householder as exempt under § 34-4 or § 34-4.1, he shall not afterwards be entitled to the exemption of any estate other than that so set apart or as otherwise provided by law.

Va. Code Ann. § 34-21.

cases, a homestead deed must be properly filed within five days of the "meeting held pursuant to 11 U.S.C. § 341."[17] It has been this Court's view that in light of the deference given in the Bankruptcy Code to the interests of individual states in determining the exemptions to which their residents should be entitled to claim against their creditors, the available bankruptcy remedy of avoiding judgment liens which impair those exemptions ought to be granted in such manner as not to expand such exemptions beyond the limits the respective states have determined to be the appropriate balance between the rights of debtors and their creditors. As the judgment creditor argued in *Botkin*,[18] allowing a bankruptcy debtor to avoid an otherwise valid judgment lien against property on the basis of the right to claim an exemption without actually doing so permits the debtor to gain the benefit of the exemption without actually being forced to utilize it and thereby preserve its use against some other property for a later day. This concern has little practical weight, however, in the factual situation presented in *Botkin* where there is no equity above the non-avoidable mortgage debt because there is no meaningful practical difference to the judgment creditor in particular or to the judgment debtor's creditors generally between the debtor filing no homestead deed and the debtor filing a homestead deed claiming $1 as an exemption in the subject property.

Turning to the interpretation of the *Botkin* decision, its scope is not absolutely certain. On one hand, the Court of Appeals, in noting that the debtor had filed a homestead deed but had not claimed any exemption in the property subject to the Credit Union's judgment lien, commented that although the debtor had unused homestead exemption available for a claim to

---

[17] Va. Code Ann. § 34-17.

[18] 650 F.3d at 401.

have been made, "she did not claim an exemption for any portion of her residential property, **as she had no equity in the property."**  650 F.3d at 397 (emphasis added).  Furthermore, the decision did not enter final judgment for the debtor but affirmed the ruling of the District Court which had remanded the case back to the Bankruptcy Court for final determination.  The Court noted that it did not express any "view on the merits of Botkin's motion to avoid DuPont's lien, other than to decide the narrow legal question before us."  650 F.3d at 398 n.1.  That "narrow legal question" was DuPont's argument "that the district court erred in . . . ruling that the Code does not require a debtor to claim an exemption in the property subject to the judicial lien sought to be avoided under § 522(f)."  *Id*. at 398.  Under the facts presented in *Botkin,* DuPont had no reason to argue whether any different legal conclusion would follow in a situation where the property owner does have equity in the property above the amount of the mortgage lien and the Court had no reason to consider that hypothetical in ruling upon the appeal before it.

On the other hand, the language of the decision in *Botkin* is clearly broad.  After summarizing the rationale for its ruling, the Court of Appeals stated such ruling in the following language:  "we conclude that the Code plainly provides that debtors need not claim an exemption as a pre-condition of avoiding a lien that the debtor contends impairs that exemption."  650 F.3d at 400.  In no manner did the Court suggest that its ruling was limited to the precise factual issue before it.  Neither did it state that the Court would not express any view on the question whether such ruling was equally applicable in situations where the debtor did have equity in the property.  In contrast, the opinion did make the point in footnote one that the Court expressed no view on the possible effect of Virginia Code § 34-5, which prevents a debtor from claiming a homestead exemption against purchase money debt, on the merits of the lien avoidance motion.  It did state

8

though, in answering one of DuPont's arguments, that "§ 522(f) . . . already requires the debtor to prove the amount of the exemption he would have in the absence of the lien." 650 F.3d at 401. This broad view of the *Botkin* decision has also been taken by Judge Brian Kenney of the Eastern District of Virginia Bankruptcy Court in a recent published opinion. In that case, which, like *Botkin,* was filed under Chapter 7 of the Bankruptcy Code, the debtor sought to recover funds from a pre-petition wage garnishment even though he had not claimed an exemption in the withheld wages in his original schedules and had not recorded a homestead deed within the allowed time to perfect such a claim. Judge Kenney ruled that under *Botkin* no actual claim to the exemption was necessary and the debtor was entitled to return of the wages. *Brugueras v. Tidewater Finance Co. (In re Brugueras)*, Adv. Proc. No. 12-01073, Case No. 11-17803, 2012 Bankr. LEXIS 5638 at *9-13 (Bankr. E.D. Va. Dec. 6, 2012). Finally, this broad interpretation of the *Botkin* ruling seems to be in accord with the majority of lower court decisions applying § 522(f). *See In re Scannell*, 453 B.R. 36, 40-42 (Bankr. D.N.H. 2011) (citing and following *Botkin*).

Of course the case before this Court is under Chapter 13. This Court will no longer require the actual making and filing of a homestead deed as the price to be paid to avoid judgment liens which have attached to equity in property in excess of any mortgage indebtedness against such property. Rather its focus will be on the amounts of any judgment liens, the amount of equity in the property above the mortgage debt against it, and the amount of homestead exemption available to the debtor which he or she might properly claim in the subject property. Once that analysis has been made, it can be determined whether the subject judgment liens are avoidable entirely, or if not, to what extent they may be avoided. It is an unfortunate fact of

bankruptcy life though that many Chapter 13 confirmed plans are not completed and the cases end up being dismissed. In such situations the provisions of 11 U.S.C. § 348(b)(1)(B) become applicable and, unless the court orders otherwise, any transfers avoided in the case, including specifically liens avoided pursuant to § 522, are reinstated. So any judgment liens avoided in confirmed plans will be treated as conditionally avoided pending completion of the plans and issuance of a Chapter 13 discharge, at which time any lien avoidance granted will be considered final. The Court will add language to the confirmation order which has been tendered in this case to that effect. The Clerk shall send copies of this Memorandum Decision and the confirmation order to be entered contemporaneously herewith to the Debtor, Debtor's counsel, the Chapter 13 Trustee, the Office of the United States Trustee, and to the judgment creditors specified in the first footnote in this Decision to the attention of their legal departments, or if none, their chief executive officers.

DECIDED this 14th day of January, 2013.

*William F. Stone, Jr.*

UNITED STATES BANKRUPTCY JUDGE